IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TECH USA, INC. | : | |
| Plaintiff, | : | |
| v. | : | Civil No. BEL-07-1857 |
| | : | |
| DAVID CARDER, et al.. | : | |
| Defendants. | : | |

## MEMORANDUM

This is a controversy between a customized staffing firm and three former employees who opened a competing business following their simultaneous resignations in September 2006. Plaintiff TECH USA, Inc. ("TECH USA") has sued Defendants David Carder ("Carder"), Brian Pratt ("Pratt"), William Eric Krisher ("Krisher"), Zen Management Consulting LLC ("Zen Management"), and Victory Services Group ("Victory Services") (collectively, "Defendants") for breach of contract, breach of fiduciary duty, federal and common law unfair competition, violation of the Computer Fraud and Abuse Act ("CFAA"), tortious interference, civil conspiracy, and aiding and abetting a breach of fiduciary duty. Now pending are the Defendants' Motion to Dismiss and Tech USA's Motion for Leave to File an Amended Complaint. The Court has reviewed the papers and is prepared to issue its ruling.

As explained more fully below, the proposed amended complaint fails to state a claim for unfair competition under Section 43(a) the Lanham Act. Accordingly, TECH USA's Motion to Amend this count is denied and its federal unfair competition claim is dismissed. In all other respects, however, the proposed amended complaint states a plausible claim to relief. The Court will, therefore, allow the remaining amendments and partially deny the Defendants' Motion to Dismiss.

## I.      Background

TECH USA provides customized staffing and consulting support to government and

private sector clients nationwide, specializing in such industries as engineering, aerospace, and

information technology. In December 2005, Defendants Carder and Pratt joined TECH USA as

managing directors at the company's Dallas, TX office. Krisher joined the company as a

recruiter at the Dallas office in April 2006.

In consideration of their employment, Carder, Pratt, and Krisher each executed

Confidentiality/Non-Compete Agreements specifying certain pre- and post-termination

obligations to the company. Briefly summarized, the Agreements prevent the employees from (i)

disclosing or divulging TECH USA trade secrets and other confidential information; and (ii)

competing with TECH USA and/or soliciting its customers, both during their employment and

for a period of 12 months following their termination. The Agreements further provide that the

employees are to return all property, records, and documents belonging to TECH USA

immediately after leaving the company.

On September 1, 2006, without prior notice to TECH USA, Carder, Pratt, and Krisher

submitted their resignations. According to TECH USA, one or more of the defendants then left

the Dallas office in possession of company property, trade secrets, and other confidential

information. Within weeks of their resignations, TECH USA asserts that the Defendants

established a competing business, Zen Management, LLC, within 14 miles of TECH USA's

current Dallas location. Zen Management conducts its staffing business under the name "Victory

Services Group" and specializes in many of the same industries in which TECH USA places

employees and consultants. According to a Dunn & Bradstreet internet report attached to TECH

USA's complaint, Zen Management reported "partially" estimated revenue of $999,999.00 for

the year 2006.

After learning of the Defendants' activities, TECH USA filed a 12-count complaint on

July 13, 2007, alleging a litany of federal, state, and common law offenses arising from the

Defendants' competitive undertakings. Docket No. 1. On September 14, 2007, the Defendants

moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure. Docket No.10. In response, TECH USA sought to amend its complaint in three

respects: first, by dropping the claim against the individual defendants for aiding and abetting a

breach of fiduciary duty; second, by dropping the claim against all defendants for violations of

the Computer Fraud and Abuse Act (CFAA); and third, by "sharpening" the remaining claims,

particularly the claim against all Defendants for federal unfair competition under the Lanham

Act. Docket No. 17, at 2.

With this procedural background in mind, we turn to the instant dispute.

**II. Standard of Review**

1. <u>Motion to Dismiss</u>:

In order to survive a 12(b)(6) motion to dismiss, a plaintiff  must allege  "enough facts to

state a claim to relief that is plausible on its face." <u>Bell Atlantic v. Twombly</u>, 127 S.Ct. 1955,

1974 (2007). Accordingly, the complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do[.] <u>Id.</u> at 1964-65. Although a

plaintiff is not required "to set out in detail the facts upon which he bases his claim," <u>Conley v.</u>

<u>Gibson</u>,[1] 355 U.S. 41, 47 (1957) he must provide sufficient factual allegations to "raise his right to relief above the speculative level." <u>Twombly</u>, 127 S.Ct. at 1964-65 (internal citation omitted). In ruling on a motion to dismiss, the Court must "accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." <u>GE Inv. Private Placement Partners II v. Parker</u>, 247 F.3d 543, 548 (4th Cir. 2001).

       2. <u>Motion for Leave to Amend</u>:

       Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." This provision has been construed "liberally to permit amendment so that claims may be adjudicated on the merits." <u>See</u>, <u>e.g.</u>, <u>Intown Properties Management, Inc. v Wheaton Van Lines, Inc.</u>, 271 F.3d 164, 170 (4th Cir. 2001) (internal citation omitted). Accordingly, the Fourth Circuit has held that "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Edell & Associates, P.C. v. Law Offices of Peter G. Angelos</u>, 424 F.3d 424, 446 (4th Cir. 2001) (internal citation omitted). The determination of futility is governed by the same standard as a 12(b)(6) motion to dismiss. <u>See</u>, <u>e.g.</u>, <u>Openshaw v. Cohen, Kingenstein & Marks, Inc.</u>, 320 F.Supp.2d 357 (D.Md. 2004) (internal citations omitted).

---

[1] Prior to <u>Twombly</u>, lower federal courts hewed closely to <u>Conley</u>'s statement that "a complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In <u>Twombly</u>, however, the Supreme Court held that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss upon an accepted pleading standard[.]" 127 S.Ct. 1969.  Despite this conclusion, the Court made clear that by rejecting a literal reading of <u>Conley</u> it was not requiring "heightened fact pleading of specifics"; rather, all that is necessary to survive a motion to dismiss is enough facts to nudge a claim "across the line from conceivable to plausible." <u>Id.</u> at 1974.

**III. Discussion**

As the determination of futility for Rule 15 purposes is governed by the same standard as a 12(b)(6) motion to dismiss, the Court's analysis will proceed as follows. First, the Court will consider whether any counts of the proposed amended complaint fail to state a plausible claim to relief. With respect to those that do not, the Court will deny TECH USA's Motion for Leave to Amend and grant the Defendants' Motion to Dismiss. With respect to those counts that do state a plausible claim to relief, the Court will grant TECH USA's Motion to Amend and deny the Defendants' Motion to Dismiss.

With the exception of the amendments dropping the CFAA and aiding and abetting claims,[2] the Defendants contend that the proposed amendments are futile because the amended complaint is insufficient to survive a motion to dismiss**.** In support of this position, the Defendants present three arguments: first, that TECH USA's complaint fails to state a claim for federal unfair competition under the Lanham Act;[3] second, that the complaint "fails to allege any specific facts that reflect any wrongdoing by the Defendants";[4] and third, that the complaint "states a claim for civil conspiracy that has no basis in Maryland law."[5] We take up each of these arguments below.

1. <u>The Lanham Act Claim</u>:

In Count VI of its proposed amended complaint, TECH USA contends that the

---

[2] The Defendants do not object to these proposed amendments.

[3] Def.'s Motion to Dismiss, Docket No. 10, at 4.

[4] Def's Opp. Mem., Docket No. 18, at 4.

[5] <u>Id.</u> at 4.

Defendants have engaged in unfair competition under Section 43(a) of the Lanham Act by conducting their staffing business under the trade name "Victory Services Group." Docket No. 17, Ex. A, at 27-28. This claim has two components: first, that the Defendants have engaged in false and deceptive advertising in violation of Section 43(a)(1)(B); and second, that they "have misrepresented the origin of [their] services" in violation of Section 43(a)(1)(A). Id. As we explain below, however, neither of these allegations states a plausible claim to relief.

### i. *False Advertising*

In order to state a claim for false advertising under the Lanham Act,[6] a plaintiff must show that "(1) the defendant made a false or misleading representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading advertisement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products. Scotts Co. v. United Industries Corp., 315 F.3d 264, 272 (4th Cir. 2002). In this case, TECH USA's proposed amended complaint fails to meet at least two of the above-stated requirements.

Assuming, *arguendo*, that the Defendants made a false statement of fact by operating

---

[6] Section 43(a)(1)(B) of the Lanham Act prohibits "the false or misleading description of fact, or false or misleading representation of fact ... which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin [of any person's] goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

under the unregistered trade name[7] "Victory Services Group," the proposed amended complaint is wholly devoid of facts suggesting that this misrepresentation was in any way material to a consumer's decision to purchase the Defendants' services. As the amended complaint makes clear, both "Victory Services Group" and "Zen Management LLC" were unheard of in the marketplace until late 2006. Accordingly, in the absence of evidence to the contrary, it is speculative at best that consumers would care whether the Defendants did business under one appellation rather than the other. Despite TECH USA's assertion that it has "sharpened" its Lanham Act claim in its proposed amended complaint, it fails to plead a single fact suggesting that this was not the case. Though the complaint baldly asserts that the Defendants "[held] themselves out to the public in a false and deceptive manner likely to cause confusion, or to cause mistake in purchasing their services," Docket No. 17, Ex. A, at 28, it fails altogether to set forth the factual grounds for these assertions in accordance with FRCP 8(a)(2). This is precisely the sort of "formulaic recitation" that Twombly holds insufficient to state a claim for relief.

Similarly, the proposed amended complaint pleads no facts suggesting that the Defendants' trade name actually deceives, or has a tendency to deceive, a substantial segment of its audience. Instead, the complaint merely regurgitates the elements of a cause of action for federal false advertising: "Defendants offer and furnish services in interstate commerce[,] and their false and misleading acts described herein are likely to deceive, and upon information and belief [] have deceived, a substantial portion of relevant consumers of their services." Id. at 28.

---

[7] Under Texas law, a limited liability company is required to file an assumed name certificate if it regularly conducts business under any name other than the one set forth in its articles of organization. V.T.C.A., Bus. & C., § 36.11. The purpose of this requirement is "that the public may know who are the parties operating a business under an assumed name." Cooper Cotton Co. v. First State Bank of O'Donnell, 37 S.W.2d 805, 807 (Tex.Civ.App. 1931).

As we have discussed, this kind of "cut and paste" pleading is insufficient to raise a plaintiff's right to relief "above the speculative level." <u>Twombly</u>, 127 S.Ct. 1964-65 (internal citations omitted). Accordingly, TECH USA has failed to state claim for false advertising under the Lanham Act.

ii. *Origin of Services*

TECH USA further contends that the Defendants have misrepresented the origin of their services. Docket No. 17, Ex. A, at 28. Here again, however, TECH USA has failed to plead a critical element of its claim - namely, the likelihood of consumer confusion as to the source of the Defendants' product. As the Supreme Court has recognized, "whether we call the violation infringement, unfair competition, or false designation of origin, the test is identical - is there a likelihood of confusion?" <u>Two Pesos, Inc. v. Taco Cabana, Inc.</u>, 505 U.S. 763, 781 (Stevens, J., concurring); <u>quoting</u> <u>New West Corp. v. NYM Co. of California, Inc.</u>, 595 F.2d 1194, 1201 (9th Cir. 1979) (internal quotations omitted).

In this case, TECH USA asserts that the Defendants' activities will confuse consumers into believing that they are purchasing staffing assistance from "Victory Services Group" when the services are really coming from "Zen Management, LLC." Assuming this to be true, the fact remains that the Defendants are, in every meaningful sense of the term, the "origin" of the products they sell as their own. <u>See</u>, <u>e.g.</u>, <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 31 (2003) ("As dictionary definitions affirm, the most natural understanding of the 'origin of goods' - the source of wares - is the producer of the tangible product sold in the marketplace.") Stated another way, the proposed amended complaint pleads no facts suggesting that consumers will confuse the Defendants' services with those of <u>another provider</u>.

Accordingly, TECH USA has failed to state a claim for false designation of origin.

In sum, though the Defendants' use of an unregistered trade name may well suggest that they were deceiving their former employer, it does not - at least in the absence of factual allegations to the contrary - support a plausible inference that they were similarly deceiving consumers. Mindful that "the words of the Lanham Act should not be stretched to cover matters that are of no consequence to consumers," <u>Dastar</u>, 539 U.S. at 32-33, we conclude that the proposed amended complaint fails to state a claim under Section 43(a) of the Lanham Act. Accordingly, TECH USA's Motion to Amend this Count is denied and the Lanham Act claim is dismissed.

> 2. <u>Evidence of Defendants' Wrongdoing</u>:

The Defendants next contend that TECH USA's complaint fails to plead facts suggesting that they engaged in actionable wrongdoing. Notwithstanding the proposed amendments, the Defendants argue that TECH USA "still fails to provide the necessary specificity regarding which of its customers Defendants [] solicited business from or what, if any, confidential information [the] Defendants used without authorization." Docket No. 18, at 2. According to the Defendants, this purported deficiency infects the entire amended complaint, as each of its counts, "in one way or another, are based on an alleged violation of the non-compete and confidentiality agreements[, as well as] common law or federal law provisions governing unfair trade practices." <u>Id.</u> at 4. Unlike the Lanham Act claim discussed above, however, the remaining claims in the proposed amended complaint contain sufficient factual allegations to survive a motion to dismiss.

We begin our analysis by reiterating the Supreme Court's statement in <u>Twombly</u> that the

Federal Rules of Civil Procedure "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974. Applying this principle to the case at hand, it is unnecessary for TECH USA to allege that the Defendants appropriated specific information or solicited particular customers, as long as their complaint pleads facts which are "suggestive of illegal conduct." Id. at 1969, n 8. As we explain in greater detail below, the instant complaint is more than sufficient to meet this standard.

In its amended complaint, TECH USA alleges that the individual defendants resigned simultaneously and opened a competing business within weeks of departing the company. Docket No. 17, Ex. A,  ¶¶ 16-18. The complaint also asserts that as managing directors and/or recruiters, the individual defendants were provided with confidential information and proprietary trade secrets, "including but not limited to non-public contact information for [] customers' hiring managers, as well as methods, techniques, and tools to price [TECH USA's] services and expand its business/servicing footprint[.]" Id.  ¶¶ 31-32. According to TECH USA, one or more of the individual Defendants left the Dallas office in possession such information immediately after resigning from the company. Id. ¶ 17. Furthermore, TECH USA also contends that in the two-and-a-half month period between the establishment of Zen Management LLC and the end of 2006, the Defendants reported a partially estimated revenue of nearly $1 million. Id. ¶ 19.

Taken together, these allegations support a plausible inference that the individual Defendants appropriated confidential information and solicited TECH USA customers, in direct violation of the terms of their employment agreements. Although the proposed amended complaint fails to specify what information or which customers were involved, it nonetheless alleges that "the [] Defendants could not have generated even the 'partial revenue' claimed in the

[Dunn & Bradstreet] report without one or more of them" engaging in wrongful solicitation or exploiting TECH USA's confidential information. Id., ¶¶ 42, 46. Taking the facts in the complaint as true, as we must on a 12(b)(6) motion to dismiss, we conclude that TECH USA has pled more than enough "to enter the realm of plausible liability." Twombly, 127 S.Ct. at 1967, n. 5. Accordingly, the Motion to Amend the remaining counts is granted, and the Defendants' motion to dismiss these counts is denied.

3. The Civil Conspiracy Claim:

The Defendants' final argument centers on Count XII of the proposed amended complaint, in which TECH USA alleges that the Defendants unlawfully conspired "to divert staffing business, prospective and existing customers, and other corporate opportunities that were properly and legally [TECH USA's]." Docket No. 17, Ex. A, ¶ 86. According to the Defendants, this civil conspiracy claim "has no basis in Maryland law" because it is not grounded in a substantive tort. Docket No. 18 at 6. Notwithstanding its imprecise labeling, however, Count XII may comfortably be read to support a cognizable claim.

The Defendants correctly observe that in Maryland, "[c]onspiracy is not a tort on its own, but is dependent on some underlying tort that caused injury to the plaintiff." See, e.g., Hill v. Brush Engineered Materials, Inc., 383 F.Supp.2d 814, 821 (D.Md. 2005) (citing cases). The Defendants are mistaken, however, in contending that Count XII "does not reference a tort action alleged in the [proposed amended] complaint." Though it is true that the amended complaint does not assert a claim for "wrongful diversion" as such, it alleges in Count VIII that the individual defendants breached their fiduciary duties to TECH USA. See Docket No. 17, Ex. A, ¶ 68. ("Each of the [i]ndividual Defendants breached his duty of loyalty and other fiduciary

-11-

duties to Plaintiff by [] acting contrary to the best interests of [TECH USA] both during employment and after [t]ermination.") Properly understood, this allegation encompasses the "wrongful diversion" at the center of the conspiracy alleged in Count XII. Accordingly, the Defendants' objection to Count XII is without merit, and their Motion to Dismiss that count is denied.

### V.      Conclusion

As the foregoing analysis makes clear, the proposed amended complaint fails to state claim for federal unfair competition under Section 43(a) of the Lanham Act. Accordingly, TECH USA's Motion to Amend this Count is DENIED and the Lanham Act claim (Count VI)  is DISMISSED. In all other respects, however, the proposed amended complaint states a plausible claim for relief. With respect to remaining Counts, therefore, the Court will GRANT TECH USA's Motion to Amend and DENY the Defendants' Motion to Dismiss. A separate order follows.


It is so ORDERED this 5th day of May, 2008.

/s/_____
Benson Everett Legg
Chief Judge